EXHIBIT J

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| NIKITA SMITH | CASE NO.: 6:24-CV-01192 |
| --- | --- |
| VS. | JUDGE ROBERT R. SUMMERHAYS |
| DAVID LEONARD, JR., ET AL | MAGISTRATE JUDGE WHITEHURST |

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

BEFORE ME, a Notary Public, in and for the aforementioned parish and state, personally came and appeared:

### C. SCOTT COURREGE

who, after being duly sworn did declare and state the following:

1. I have prepared the following affidavit regarding the above-captioned matter. I have reviewed the evidence available to me to date, and I have formed opinions that address police training, use of force principles, and generally accepted police practices.

2. I began my law enforcement career in June of 2000 and have been employed by the Harrison County Sheriff's Office (MS), the Gulfport Police Department (MS), the East Baton Rouge Sheriff's Office (LA), the United States Border Patrol (CA), and the Drug Enforcement Administration (AZ).[1] I remain employed as a part-time deputy in East Baton Rouge Parish to date.

---

[1] See Exhibit "A" for my complete CV.

3. I have held law enforcement training certifications from the State of Mississippi, the Federal Law Enforcement Training Centers (Charleston, SC), the Drug Enforcement Administration Basic Agent Training (Quantico, VA), and the State of Louisiana. I maintain my Louisiana POST certification to date.

4. I am a licensed attorney in the State of Louisiana and the legal aspects, police liabilities, and/or use of force instructor for three Louisiana POST training academies. In addition, I also regularly instruct police officers throughout Louisiana on various legal topics, specifically including search and seizure and use of force.

5. As part of my practice, I engage as a law enforcement consultant and expert and have offered opinions regarding police training, use of force principles, and generally accepted police practices.[2] I have also assisted in the review of use of force for various agencies.

6. The opinions expressed in this affidavit are based upon the facts and data as presented in the materials provided to date. I have relied upon my specialized knowledge, experience, education, and training in police training protocols, use of force principles, and generally accepted police practices – acquired throughout my law enforcement career, enhanced by ongoing research and education, and applied in my work as a consultant and instructor on these topics.

7. In forming a factual basis, I have reviewed the following:
   a. Complaint;
   b. Morgan City PD IA Investigative File (CIRCLE K – IA – 001 – 095);

---

[2] See Exhibit "A" for my expert case list and previous testimony.

    c. Morgan City PD Criminal Investigative File (CRIMINAL INVESTIGATION 001 – 120);

    d. Morgan City PD Rules and Regulations (POLICIES 001 – 269);

    e. Morgan City PD Updated Policies (UPDATED POLICIES 001 – 108);

    f. Misdemeanor Trial Transcript;

    g. Deposition of Zeke Sampay;

    h. Deposition of Dustin Fromenthal;

    i. Deposition of Joseph Coleman, Jr.;

    j. Deposition of Nikita Smith;

    k. Body Worn Cameras;[3]

    l. Social Media Video;

    m. Dispatch Recorded Calls;

    n. Dispatch CAD Reports;

    o. Recorded Interviews; and

    p. Recorded Telephone Call.

8. I have specifically relied upon and reference the following authorities to support my opinions:

    a. *Graham v. Connor*, 490 U.S. 386 (1989);

    b. La. R.S. 14:63.3;

    c. La. R.S. 14:103;

---

[3] See Exhibit "B" Axon Body 2 Video X81463945 2023-09-03 024442 (Body Cam Footage)

    d. Strategic Self-Defense & Gunfighting Tactics, Vanguard Level One Student – Operator Program (2018);

    e. Threat Pattern Recognition – Use of Force, Human Factor Research Group, Inc. (2017); and

    f. Integrated Use of Force Management – Response to Resistive Behavior (POST).

9. My opinions are summarized as follows:

    a. The open hand push of and use of OC Spray on Nikita Smith was consistent with use of force training and MCPD policy and procedure;

    b. The Morgan City Policy Department policy and procedure is consistent with generally accepted police practices, policy, and procedure;

    c. The policy and procedure incorporates *Graham*, and specifically notes that it is not a force continuum.

    d. The Morgan City Policy Department policy and procedure defines levels of resistance and levels of officer response, while affording the officer discretion to decide from many options based on the unique facts of the situation;

    e. Applying the *Graham* factors and the other considerations to the facts of this case, as is done in internal use of force investigations and review, it is my opinion that the totality of these circumstances supported the decision to use force on Nikita Smith in self-defense and in order to maintain control of the chaotic situation;

    f. It is my opinion that in addition to being charged with and found guilty of remaining after forbidden and disturbing the peace – both misdemeanor crimes – Nikita

Smith's actions constituted additional crimes, to include obstruction of or interference with an arrest and simple assault of a police officer;

g. The more salient factor would be the immediacy of the threat presented by Nikita Smith's actions in this particular situation;

h. The parking lot was a tense, uncertain, and rapidly evolving environment that was occupied with a large group of people who were blatantly disobeying lawful orders to disperse;

i. When Mr. Corvion Smith was arrested, numerous people began yelling and attempting to interfere with the arrest – including Nikita Smith;

j. Nikita Smith had to be physically pushed backwards by an officer in that moment;

k. Detective Leonard's open hand push and use of OC spray was in compliance with Morgan City Police Department policy and procedure;

l. Nikita Smith's actions would be classified as "assaultive" per the Morgan City Police Department policy and procedure for which OC spray is authorized;

m. Several verbal warning commands were given for Nikita Smith to move back and failed to do so;

n. There was ample opportunity for Nikita Smith to comply, yet he continued to aggressively engage with Detective Leonard, making the use of OC spray appropriate per the policy;

o. The investigation and subsequent arrest of Nikita Smith was consistent with generally accepted police practices, investigative techniques, and MCPD policy and procedure;

p. Consistent with generally accepted police practices and investigative techniques, Detective Joseph Coleman conducted the criminal investigation and Lieutenant Rick Hartley conducted the internal affairs investigation;

q. Detective Coleman testified that he was not involved in the internal affairs investigation and was unaware of the complaints made by Mr. Smith;

r. Detective Coleman utilized social media and an open-source database search to identify the four subjects whom he later obtained arrest warrants;

s. Detective Coleman stated that he did not identify other subjects in videos that he reviewed;

t. Detective Coleman reviewed the evidence available to him in an effort to properly conduct a thorough investigation;

u. Detectives are expected to exercise due diligence and not rush through investigations as there is a focus on prosecutable investigations, not quick apprehensions;

v. The fact that warrants were issued in November following a September incident is not out of the ordinary for an investigation involving numerous unidentified potential suspects;

w. Morgan City Police Department investigation policy reflects similar investigative goals and processes that are focused on convictions, not speed of arrests;

x. Detective Coleman's investigation into this incident was consistent with generally accepted police practices and he utilized appropriate investigative techniques to reach its conclusion;

y.  Detective Coleman's investigation was consistent with the Morgan City Police Department policies and procedures;

z.  After reviewing the facts and data available to me at this time, it is my opinion that Detective Leonard's use of force against Nikita Smith was consistent with use of force training and police policy and procedure.

aa. After reviewing the facts and data available to me at this time, it is my opinion that the criminal investigation conducted by Detective Coleman was consistent with generally accepted police practices, investigative techniques, and policy and procedure.

_____
C. SCOTT COURREGE

SWORN TO AND SUSCRIBED before me, the undersigned Notary Public, this 14th day of January, 2026, in East Baton Rouge Parish, State of Louisiana.

_____
NOTARY PUBLIC

OFFICIAL SEAL
KIRK A. GUIDRY
BAR ROLL # 20842
STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE
My Commission Is for Life

7

