# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**NIKITA SMITH**  CASE NO. 6:24-CV-01192

**VERSUS**  JUDGE ROBERT R. SUMMERHAYS

**DAVID LEONARD JR ET AL**  MAGISTRATE JUDGE CAROL B. WHITEHURST

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to File Exhibits Under Seal (Rec. Doc. 25), filed in conjunction with their Motion for Summary Judgment. The motion was referred to the undersigned for a determination of whether the exhibits should be filed under seal, after consideration of the public's right of access and the parties' interests in confidentiality.

The Court signed the parties' joint protective order governing documents which the parties identified as "Confidential." (Rec. Doc. 16). The protective order specifically applies to "employment, personnel, wage, medical and financial documents and documents, audio and/or video recordings arising out of any criminal or internal affairs investigations produced in this litigation after the entry of, or in contemplation of the entry of, this Order, including all future materials produced by parties designated as 'Confidential.'" (Id. at p. 2).

The Fifth Circuit requires a strict balancing of the public's and litigants' interests before allowing documents to be sealed:

> The public's right of access to judicial proceedings is fundamental…In our view, courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards relevant here. The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies once a document is filed on the public record—when a document "becomes a judicial record. Under both standards, the working presumption is that judicial records should not be sealed. That must be the default because the opposite would be unworkable: With automatic sealing, the public may never know a document has been filed that might be of interest.
>
> True, even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But most litigants have no incentive to protect the public's right of access. That's why judges, not litigants, must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure. Sealings must be explained at a level of detail that will allow for this Court's review. And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing.

*Binh Hoa Le v. Exeter Fin. Corp.,* 990 F.3d 410, 418; 419-20 (5th Cir. 2021) (cleaned up).

Defendants move to seal documents stemming from Plaintiff's arrest at the heart of his civil suit, including the affidavit of the arresting officer, arrest warrant, and booking sheet. Neither party offers substantiating argument as to why these documents are confidential. The Court appreciates only the potential application of

a federal law enforcement privilege, which protects, in addition to information pertaining to confidential informants, information pertaining to ongoing criminal investigations:

> The oft-cited *Frankenhauser* test consists of weighing the following ten factors: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. ...
>
> Additionally, the law enforcement privilege is bounded by relevance and time constraints. … Several types of information probably would not be protected, including documents pertaining to: (1) people who have been investigated in the past but are no longer under investigation, (2) people who merely are suspected of a violation without being part of an ongoing criminal investigation, and (3) people who may have violated only civil provisions. Furthermore, the privilege lapses after a reasonable period of time. Therefore, the privilege lapses either at the close of an investigation or at a reasonable time thereafter based on a particularized assessment of the document.

*In re U.S. Dep't of Homeland Sec.,* 459 F.3d 565, 570–71 (5th Cir. 2006) (citations omitted). See also *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Ords.,* 562 F. Supp. 2d 876, 885 (S.D. Tex. 2008) ("In certain contexts, a qualified

'law enforcement privilege' to protect government files related to an ongoing investigation has been recognized by a majority of circuits, including the Fifth Circuit[; h]owever, no published Fifth Circuit decision has extended this privilege to require sealing of court records beyond an ongoing investigation.").

Defendants move to file four exhibits under seal: Exhibit A—Affidavit of Detective Joseph A. Coleman, Jr. (Rec. Doc. 25-3); Exhibit E—Deposition of Joseph A. Coleman, Jr. (Rec. Doc. 25-4); Exhibit F—Arrest Warrant for Nikita Smith (Rec. Doc. 25-5); Exhibit G—Morgan City Police Department Booking Sheet (Rec. Doc. 26-6). These exhibits stem from Plaintiff's arrest underlying the suit. According to Defendants, the criminal matter has concluded. (Rec. Doc. 23-1, p. 10). The Court finds no other justification for a confidential designation. Accordingly,

IT IS ORDERED that Defendants' Motion to File Exhibits Under Seal (Rec. Doc. 25) is DENIED. Defendants may file the exhibits in support of their Motion for Summary Judgment with redactions in accordance with Local Rule 5.7.12.

Signed at Lafayette, Louisiana on this 28th day of January, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE