UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| NIKITA SMITH | CIVIL ACTION NO.: 6:24-CV-01192 |
| VS. | JUDGE ROBERT R. SUMMERHAYS |
| DAVID LEONARD, JR., ET AL | MAGISTRATE CAROL B. WHITEHURST |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF EXPERT WITNESS C. SCOTT COURREGE**

**NOW INTO COURT,** through undersigned counsel, come Defendants, Detective David Leonard, Jr. and the City of Morgan City, who file this Memorandum in Opposition to Plaintiff's *Daubert* Motion to Exclude the Testimony of Expert Witness C. Scott Courrege (R. Doc. 22). For the reasons set forth herein, plaintiff's motion should be denied.

**Factual Background**

This case arises out of an incident that occurred between Defendant, Detective Leonard, and Plaintiff, Nikita Smith, on September 2, 2023, in Morgan City, Louisiana.[1] Among other things, Smith asserted claims under 42 U.S.C. § 1983 for violation of the Fourth Amendment for Detective Leonard's use of force.[2] Specifically, Plaintiff alleges that Detective Leonard's use of pepper spray constituted excessive force.[3] Defendants are entitled to qualified immunity under the circumstances of the case but nonetheless retained C. Scott Courrege as an expert in police practice and procedure to opine as to whether Detective Leonard's actions and actions of other officers during the incident at issue conformed with their training, conformed with Morgan City's

---

[1] *See* Complaint, R. Doc. 1 at p.1.
[2] *Id.* at p. 12.
[3] *Id.*

Police Department Policies, and conformed with current standards of police practice and procedure. Plaintiff filed a *Daubert* Motion to Exclude the Testimony of Expert Witness C. Scott Courrege (R. Doc. 22).

## Law and Argument

Defendants note that Plaintiff's argument is largely based on what a jury may perceive or how a jury would interpret Mr. Courrege's expert opinion. Such arguments are all "red herrings", as neither plaintiff, nor defendants, have requested trial by jury, so this will be a bench trial. In a bench trial, the Court's gate-keeping role under *Daubert* is different.

> The Court must act as a "gate-keeper" to ensure the proffered expert testimony is "both reliable and relevant." However, "[t]he primary purpose of the *Daubert* filter is to protect juries from being bamboozled by technical evidence of dubious merit." Accordingly, the Court's "gate-keeper" role is diminished in a bench trial because there is no need to protect the jury and risk tainting the trial by exposing the jury to unreliable evidence. Although the "gate-keeper" role may be diminished, the Court is still required to perform its gate-keeping function.

*Kinnerson v. Arena Offshore, LP*, No. CV 16-720, 2019 WL 2571627, at *1 (W.D. La. June 21, 2019) (citations omitted).

Thus, while the Court must still determine if Mr. Courrege's expert opinion is reliable and relevant, argument regarding confusion of the jury should be rejected. However, even if this was a jury trial, Plaintiff's Motion should be denied.

**Daubert Standard**

Federal Rule of Evidence 702 permits opinion testimony from "a witness qualified as an expert by knowledge, skill, experience, training, or education" if such testimony will assist the trier of fact and "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509

U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court assigned to trial courts the responsibility of determining whether expert testimony under Rule 702 is "not only relevant, but reliable." *Id.* at 589, 113 S.Ct. 2786. In this gate-keeping role, trial courts make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93, 113 S.Ct. 2786.

Unlike the issue of probable cause, expert witnesses may be used in excessive force cases. *See Kinney v. Weaver*, 367 F.3d 337, 377 (5th Cir. 2004); *see also Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993); *Samples v. City of Atlanta*, 916 F.2d 1548, 1551-52 (11th Cir. 1989); *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1551 (11th Cir. 1989); *Kladis v. Brezek*, 823 F.2d 1014 (7th Cir. 1987).

In excessive force cases, the officer's actions are judged upon an "objective reasonableness" test. *Pretta v. Rivera*, 143 F.3d 895, 908 (5th Cir. 1998). An "objective test" implies the use of a "standard of conduct." *Kopf*, 993 F.2d at 378. In excessive force cases, that standard of conduct is defined by a specific "reasonable officer" as opposed to a generic "reasonable person." *Id.* Thus, in some instances, the specialized knowledge of an expert referenced in Federal Rule of Evidence 702 could be helpful to a finder of fact. *Id.*

In this case, Defendants submit that Mr. Courrege is imminently qualified to offer his expert opinions in this matter, due to his knowledge, skill, experience, training and education.[4] Further, Mr. Courrege's opinion is based upon sufficient facts or data,[5] his testimony is the product of reliable principles and methods which are applied reliably to the facts of the case.[6] Notably, Mr.

---

[4] *See* Opinion of C. Scott Courrege, pp. 1-3, attached as Exhibit "A".
[5] *See id.*, pp. 4-9.
[6] *See id.*, pp. 9-18.

3

Courrege's opinion is grounded in verifiable standards of police conduct, as referenced in his report, not simply *ipse dixit* recitations of his personal opinions.

1. **If Mr. Courrege Opined on an Ultimate Issue, such Opinions are Permissible under Fed. Rule of Evid. Rule 704.**

Plaintiff argues that Mr. Courrege's testimony should be excluded from evidence at trial because it improperly seeks to prove an ultimate issue and is based on incomplete information. *See* R. Doc. 22-1 at pp. 7-11. Plaintiff both misconstrues and misunderstands Mr. Courrege's opinions.

Plaintiff's argument fails on its face pursuant to Federal Rule of Evidence 704(a) which states, "An opinion is not objectionable just because it embraces an ultimate issue." Plaintiff cannot successfully object to the admissibility of Mr. Courrege's expert testimony just because he renders opinions that suggest Detective Leonard's actions were reasonable. While Federal Rule of Evidence 704 abolished a "per se rule against testimony regarding ultimate issues of fact. By the same token, however, courts must remain vigilant against the admission of legal conclusions . . ." *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977). In this case, Mr. Courrege does not offer legal conclusions. He simply applies his expert knowledge regarding police practice, procedure and training to the facts of the case and offers his opinion as to whether Detective Leonard's actions and actions of other officers during the incident at issue (and its subsequent investigation) conformed with their training, conformed with Morgan City's Police Department Policies, and conformed with current standards of police practice and procedure.

Mr. Courrege's opinions do not constitute legal conclusions on the ultimate issues in this matter, which are: (1) whether Detective Leonard used excessive force against Plaintiff; and (2) whether Plaintiff's arrest was retaliatory in light of Plaintiff's filing a complaint against Detective Leonard. His opinions are summarized by referencing the headings of his report as follows:

1. The open hand push of and use of OC Spray on Nikita Smith <u>was consistent</u> with use of force training and MCPD Policy and Procedure;[7] and

2. The investigation and subsequent arrest of Nikita Smith <u>was consistent</u> with generally accepted police practices, investigative techniques, and MCPD Policy and Procedure.[8]

Neither opinion tells the fact finder that Detective Leonard's actions did not constitute excessive force or that plaintiff was not the subject of retaliation for filing a complaint against Detective Leonard. These are conclusions that must be reached by the Court as fact finder. While defendants emphatically deny any such wrongdoing, Mr. Courrege's opinion does not tell the Court how it must rule or what it should find.[9]

To the contrary, the opinions expressed by Mr. Courrege relate to whether Detective Leonard and other officers <u>followed training, procedure and generally accepted police practices</u>. It is for the Court as fact finder to determine whether such actions were improper. In fact, Mr. Courrege states clearly at the outset of his opinion regarding use of force:

> Regarding the use of force on Nikita Smith, the question for the jury to decide will be if the force used by Detective Leonard was objectively reasonable per *Graham v. Connor*. It should be noted that it is not my intent to usurp the role of the jury through this expert opinion. However, it is imperative to analyze the use of force using the same *Graham* factors **because police officers are trained to use them to evaluate the propriety of any use of force**.[10]

Thus, it is clear that his opinion regarding the *Graham* factors is included in his analysis only because police officers <u>are trained to make the same assessment in their decision to use force against a subject</u>. Plaintiff does not claim that Mr. Courrege's analysis of the *Graham* factors is

---

[7] *See* Opinion of C. Scott Courrege, attached as Exhibit "A".
[8] *Id*.
[9] Ironically, the opinions of Plaintiff's purported expert do make legal conclusions and attempt to instruct the fact finder as to what it should decide. Plaintiff's purported expert's opinions will be the subject of a Motion to Strike and a Motion *in Limine*.
[10] *Id* (emphasis added).

5

improper. To the contrary, he criticizes Mr. Courrege's analysis of the event pursuant to use of force training in Louisiana POST (Peace Officer Standards and Training) academies, as well as national use of force training standards and claims that constitutes opinion on the ultimate issue.[11] No law requires a fact finder to adopt a Louisiana POST or national use of force analysis to determine whether excessive force was used against a subject, so Plaintiff's argument must fail.

Plaintiff's entire argument about Mr. Courrege's alleged opinions on the ultimate issue must fail, because the opinions plaintiff takes issue with are based on analysis through the lens of Louisiana POST and national use of force training (i.e., the three behavior elements).[12] These opinions are based on analysis of whether Detective Leonard's actions were consistent with respect to national training standards and his Louisiana POST training. They are not legal conclusions.

Plaintiff claims that Mr. Courrege's opinion on whether Detective Leonard followed his training is tantamount to testimony on the ultimate issue, because it includes an analysis of whether and how officers would perceive a subject based on their training.[13] However, in performing his analysis, Mr. Courrege is not offering a legal conclusion. Instead, he is opining on whether Detective Leonard's reaction to what he was taught to assess (i.e., how he was taught to perceive someone's actions) fell short of his training or national police standards governing use of force.[14]

Plaintiff's Motion should be denied.

Next, Plaintiff attempts to discredit Mr. Courrege's opinion by suggesting that he cannot establish Plaintiff's subjective intent or whether he had the means to harm Detective Leonard. However, Mr. Courrege does not have to do so. Mr. Courrege is not trying to get into Plaintiff's

---

[11] *See* Plaintiff's Memorandum in Support of Motion to Exclude Testimony of Expert Witness C. Scott Courrege, pp. 7-8, R. Doc. 22-1
[12] *See* Exhibit "A", pp. 9-13.
[13] *See* R. Doc. 22-1, p. 8.
[14] *See* Exhibit "A", pp. 9-13.

6

brain. What Plaintiff now claims his subjective intent was at the time of the incident is largely irrelevant, in light of the clear body camera video and Mr. Courrege's analysis.

The fact remains that Plaintiff's bowed arms, clenched fists, pounding of his chest, and yelling at Detective Leonard, especially as he approached Detective Leonard with other people yelling at officers at the scene (all corroborated by the bodycam) were perceived by Detective Leonard in a certain way <u>based on his training</u>. This is the heart of Mr. Courrege's opinion. He opines regarding what Detective Leonard perceived through the lens of his training. If Plaintiff believes that Mr. Courrege did not see the video properly or ignored something shown in the video, the proper way to address such failings are through cross-examination not a *Daubert* Motion or a Motion *in Limine*.

Plaintiff also attempts to shoehorn a methodology challenge into his argument by claiming that Mr. Courrege based his opinion in part on his subjective perception of plaintiff's intent, and as such, it fails to meet the reliability and methodology standards required. This must be rejected. Again, Plaintiff's claims of his subjective intent at the time of the incident are largely irrelevant and not a factor on which Mr. Courrege based his opinion (or, for that matter, a factor on which police officers base their reaction to a subject's actions). Instead, Mr. Courrege confirmed that a factor on which police officers base their reactions is a subject's <u>objective body language</u>, which he perceived just like anyone watching the body camera footage of the incident. Mr. Courrege can opine as an expert in police training and practice regarding what a police officer was trained to do if he perceived a subject's body language, or any other evolving factors that would inform a police officer's reaction to a given situation.

Plaintiff seems to suggest that the fact that Mr. Courrege could not perceive Plaintiff's subjective intent during his interaction with Detective Leonard, Mr. Courrege's opinion lacks

7

proper methodology. This argument is patently absurd. No one, especially a police officer, can be expected to act (or react) to a situation based on another person's subjective intent, because such intent can never be fully known. That is why police officers are trained to look to objective factors that indicate a person's intent in a given situation, not to try and divine a subject's subjective intent in the heat of the moment. Plaintiff's Motion must be denied.

Lastly, Plaintiff claims Mr. Courrege based his opinion on insufficient or incomplete information. However, this is no basis to exclude Mr. Courrege's testimony. If Plaintiff contends that Mr. Courrege did not see the video properly or ignored something shown in the video, the proper way to address such purported failings are through cross-examination not a *Daubert* Motion or a Motion *in Limine*.

### 2. Mr. Courrege's Testimony Will not be Duplicative of Fact-Witness Testimony and Will Not Mislead a Jury.

Plaintiff's final argument for the exclusion of Mr. Courrege's expert testimony at trial is that his testimony will be duplicative of fact-witness testimony and will mislead the jury. These arguments must also fail.

As stated previously, this is a bench trial, so Plaintiff's argument concerning potentially misleading a jury can be rejected as a matter of course.

That said, Plaintiff takes issue with a portion of Mr. Courrege's report that summarizes the events leading up to the incident at issue and the incident itself. However, this is not a valid argument to seek exclusion of Mr. Courrege's ***opinion testimony***. It is undeniable that Mr. Courrege's report lists a summary of facts, and that the facts listed are gleaned from documents, body camera video and the testimony of witnesses reviewed by Mr. Courrege. Mr. Courrege did not witness the incident, so he must base his expert opinions on information he received and

reviewed. Furthermore, Federal Rule of Civil Procedure 26(a)(2)(B)(iii) **requires** an expert, like Mr. Courrege, to list "the facts or data considered by the witness in forming" his opinions.

Without a recitation of facts, Mr. Courrege's report would be insufficient, and Plaintiff would undoubtedly complain that his opinions lack foundation. Suffice it to say that Mr. Courrege's testimony at trial will largely be his opinions, not a recitation of facts from other witnesses, documents or body camera footage. To the extent Mr. Courrege refers to facts on which his opinions are based during his testimony, such recitation will be for the purpose of laying a proper foundation for such testimony, which is a requirement for admissibility of expert testimony under Federal Rules of Evidence 702, 703 and 705.

Thus, Plaintiff's Motion must be denied.

## Conclusion

Trial in this matter will be a bench trial. Thus, Plaintiff's arguments regarding jury confusion or a jury's misunderstanding of expert opinion testimony can be disregarded.

Plaintiff's argument that Mr. Courrege's opinions embrace an ultimate issue should be rejected as a matter of course pursuant to Federal Rule of Evidence 704. The true standard is whether Mr. Courrege's opinions are legal conclusions cloaked in opinion testimony. They are not; therefore, plaintiff's Motion must be denied.

Lastly, Plaintiff seeks to exclude a recitation of the facts found in Mr. Courrege's written expert report. However, such recitation of the facts in his report is required by Federal Rule of Civil Procedure 26. At trial, he will testify regarding his <u>expert opinions</u> based on the facts he considered. Thus, there will be no duplication of evidence. Therefore, Plaintiff's Motion must be denied.

**WHEREFORE**, Defendants, David Leonard, Jr. and the City of Morgan City pray that this Court deny Plaintiff's *Daubert* Motion To Exclude The Testimony Of Expert Witness C. Scott Courrege from trial of this matter.

Respectfully submitted,

**GAUDRY, RANSON,**
**HIGGINS & GREMILLION, L.L.C.**

/s/ John J. Danna, Jr.
_____
WADE A. LANGLOIS, III (#17681)
JOHN J. DANNA, JR. (#28894)
PATRICK T. DUNCAN (#38727)
401 Whitney Avenue, Suite 500
Gretna, LA 70056
Telephone: (504) 362-2466
Fax: (504) 362-5938
Email: wlanglois@grhg.net
jdanna@grhg.net
pduncan@grhg.net

**AND**

ELIZABETH S. RAMBIN (#17149)
2223 Quail Run Drive, Suite C-2
Baton Rouge, Louisiana 70808
Telephone: 225-663-6101
Fax: 225-663-6102
Email: erambin@grhg.net

*Counsel for Defendants,*
*David Leonard, Jr. and the City of Morgan*
*City*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system on this 10th day of February, 2026. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ John J. Danna, Jr.
_____
JOHN J. DANNA, JR.