UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NIKITA SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID LEONARD, JR; CITY OF MORGAN ) <br> CITY; CHAD ADAMS; DOE DEFENDANTS ) <br> 1-10. ) <br> ) <br> Defendants. ) <br> ) | Case No. 6:24-CV-01192-RRS-CBW |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF EXPERT WITNESS C. SCOTT COURREGE**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Nikita Smith who filed this reply memorandum in support of his motion to exclude the testimony of Defendants' expert witness C. Scott Courrege. For the reasons stated herein and in the original motion, Defendants' expert witness should be excluded from testifying.

Defendants argue that Ms. Courrege does not offer opinions on ultimate issues, but rather that he only opines that "Defendant Leonard and other officers <u>followed training, procedure and generally accepted police practices</u>.[1] If that it all that Mr. Courrege attempts to do in his opinion, that would be proper, but here Defendants' expert, who is an attorney himself, attempts to masquerade a legal opinion under the guise of following policy. As Defendants state in their brief: "The true standard is whether Mr. Courrege's opinions are legal conclusions cloaked in opinion testimony."[2] That is precisely what has occurred here.

---

[1] R. Doc. 34 at 5 (emphasis in original).
[2] R. Doc. 34 at 9.

1

As described in Plaintiff's original motion, Mr. Courrege specifically appeals to the *Graham* factors in a manner which exceeds merely assessing the application of officer training. For instance, Mr. Courrege explicitly opines to an ultimate issue in stating "Applying the *Graham* factors and the other considerations to the facts of this case, as is done in internal use of force investigations and reviews, it is my opinion that the totality of these circumstances supported the decision to use force on Mr. Smith"[3] Just because officer training and policy contemplates *Graham* does not give Mr. Courrege the opportunity to opine on the legal application *Graham* in his report and testimony. Finding to the contrary would allow any expert to offer legal conclusions so long as they also reference policy. Here, Mr. Courrege's opinion is legal in nature, but attempts to masquerade as merely applying the facts. It should be excluded.

Mr. Courrege also discusses "means," along with intent and opportunity, as a necessary element for assessing reasonableness under police policy and practices – if a subject does not have the means in inflict harm, there is no threat to justify the use of force.[4] As discussed in Plaintiff's motion, Mr. Courrege admitted that he had no information regarding Defendant Leonard's size which is a factor in whether an unarmed suspect has the means to carry out a perceived threat.[5] Mr. Courrege also testified that an earlier alleged interaction between Plaintiff and officers that night would be relevant to the means factor, but Defendant Leonard testified that he had never seen Plaintiff or have other knowledge of him prior to the use of force interaction.[6] Defendants do

---

[3] R. Doc. 22-3 at 10
[4] Courrege depo at 85:2-87:10.
[5] R. Doc. 22-6 at 92:22-93:6 ("Q. … Then as far as means, can you just describe that and how that's evaluated? A. Yeah. It's just the person has the physical capabilities to actually harm you in whatever way. You know, physical stature is one of those things that we look at. I think Mr. Smith testified he was 247 pounds or something like that at the time and made a comment about working out in his criminal trial. He is not a little guy."), 101:16-102:6.
[6] R. Doc. 22-4 at 93:6-13 ("When you couple that in with other people in close proximity in a crowd that has shown that its propensity that it is going to intervene – it did in both arrests, including Nikita Smith. *He was face-to-face, nose-to-nose with an officer during the first arrest.*" (emphasis added), Leonard depo at at 128:5-12.

not address any of these shortcomings in their opposition.

      For these and other reasons raised in Plaintiff's original motion, Mr. Courrege's testimony should be excluded.

                                          Respectfully submitted,

                                          /s/ *David Lanser*
                                          William Most, 36914
                                          David Lanser, 37764
                                          MOST & ASSOCIATES
                                          201 St. Charles Ave., Ste. 2500, #9685
                                          New Orleans, LA 70170
                                          Telephone: (504) 509-5023
                                          Telephone: (504) 533-4521
                                          Fax: (504) 414-6400
                                          williammost@gmail.com
                                          david.lanser@gmail.com

                                          *Counsel for Plaintiff, Nikita Smith*