UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| NIKITA SMITH | CIVIL ACTION NO.: 6:24-CV-01192 |
| VS. | JUDGE ROBERT R. SUMMERHAYS |
| DAVID LEONARD, JR., ET AL | MAGISTRATE CAROL B. WHITEHURST |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S EXPERT**

**MAY IT PLEASE THE COURT:**

Defendants, David Leonard, Jr. ("Detective Leonard") and the City of Morgan City ("Morgan City"), file this Memorandum in Support of their Motion to Strike Plaintiff's Expert.

**FACTUAL BACKGROUND**

This case arises out of the alleged use of excessive force by Detective Leonard arising out of an incident involving plaintiff. Detective Leonard has asserted a qualified immunity defense and filed a Motion for Summary Judgment. The qualified immunity defense requires a determination of whether his actions and the force he used during the incident were objectively reasonable. The objective reasonableness of Detective Leonard's actions "is a pure question of law."[1]

---

[1] *Stringfellow v. City of Ruston*, No. CV 16-0756, 2017 WL 3202830, at *13 (W.D. La. July 26, 2017) (*citing Scott v. Harris*, 550 U.S. at 379 n.8 (2007)).

**LAW AND ARGUMENT**

Plaintiff has opposed defendants' Motion for Summary Judgment. He cites his expert's "opinion" in his Opposition Memorandum. However, the opinion is nothing more than a legal conclusion and a mischaracterization of the video of the incident. It must be rejected.

While Federal Rule of Evidence 704 abolished a "per se rule against testimony regarding ultimate issues of fact. By the same token, however, courts must remain vigilant against the admission of legal conclusions . . ."[2] In opposition to defendants' Motion for Summary Judgment, plaintiff cites his expert who says: "Detective Leonard's actions, particularly the repeated applications of OC spray after creating distance and in the absence of active resistance or threat, were objectively unreasonable and constituted excessive force." This is a **pure legal conclusion**.[3]

A court should exclude the testimony of an expert witness that merely states improper legal conclusions without aiding the trier of fact to determine a fact in issue.[4] Plaintiff's expert report consists of impermissible legal conclusions regarding the reasonableness of Detective Leonard's actions. Such statements constitute impermissible legal conclusions and the court should exclude such "opinion" and not consider it.

An expert may express opinions that embrace an ultimate issue, but an expert should not state legal conclusions, such as whether an officer's actions were reasonable under the Fourth Amendment.[5] The "ultimate issues" rule established under the Federal Rules of Evidence allows an expert to offer opinions on a factual issue that would embrace ultimate issues, however, an expert cannot merely offer only opinions that tell the fact finder what result to reach on an ultimate

---

2   *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977).
3   R. Doc. 35, p.18.
4   Fed. R. Evid. 702(a); 704(a).
5   *Stringfellow*, 2017 WL 3202830 at *19, n. 31 (*citing McBroom v. Payne*, 478 Fed. Appx. 196, 200 (5th Cir. 2012).

2

legal issue.[6]  The Fifth Circuit has held that it is error to permit into evidence expert opinion that merely states an officer acted unreasonably in a Fourth Amendment analysis case.[7]  Similarly, in *Valencia v. Davis*, the Fifth Circuit held that it was not an abuse of discretion for a District Court to exclude from consideration in opposition to summary judgment, an expert's opinion that the "use of force applied by [the defendant police officer] against [plaintiff] in this arrest situation was unreasonable and unnecessary."[8]  This case is directly on point, and like in *Valencia*, the Court should reject plaintiff's expert's legal conclusions masquerading as proper opinions.

Additionally, in opposition to defendants' Motion for Summary Judgment, plaintiff further cites his expert's "opinion" that "the force was excessive because after the initial push, Plaintiff 'regained his footing, stood still with hands at his sides, and posed no further immediate threat, no advancing, no verbal threats continuing, and no physical resistance.'"[9]  This opinion should be rejected as the characterization of the event is completely refuted by the video evidence.  The video is clear:  after being pushed back, rather than back away, plaintiff stepped forward again, continuing to shout, began pounding on his chest, and bowed his arms.

Regardless of how inaccurate plaintiff's expert's retelling of the video may be, the fact remains that the video was submitted with defendants' Motion for Summary Judgment.  The Court does not need plaintiff's expert to say what the Court's eyes see.  This "opinion" testimony does not help the Court as finder of fact—to the contrary, it seeks to usurp the Court's role as fact finder—so it should also be excluded.

---

[6]  Fed. R. Evid. 704 (advisory committee notes).
[7]  *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003).
[8]  836 F. App'x 292, 299-300 (5th Cir. 2020).
[9]  R. Doc. 35, p.18.

3

## **CONCLUSION**

For these reasons, defendants, David Leonard, Jr. and the City of Morgan City pray that their Motion to Strike be granted, excluding his testimony in opposition to defendants' Motion for Summary Judgment and at the trial of this matter.

Respectfully submitted,

**GAUDRY, RANSON,
HIGGINS & GREMILLION, L.L.C.**

/s/ John J. Danna, Jr.
_____
WADE A. LANGLOIS, III (#17681)
JOHN J. DANNA, JR. (#28894)
401 Whitney Avenue, Suite 500
Gretna, LA 70056
Telephone: (504) 362-2466
Fax:     (504) 362-5938
Email: wlanglois@grhg.net
           jdanna@grhg.net

**AND**

ELIZABETH S. RAMBIN (#17149)
DAVID A. SAFRANEK (#35302)
2223 Quail Run Drive, Suite C-2
Baton Rouge, Louisiana 70808
Telephone: 225-663-6101
Fax: 225-663-6102
Email: erambin@grhg.net
           dsafranek@grhg.net

*Counsel for Defendants,
David Leonard, Jr. and the City of Morgan City*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system on this 24th day of February, 2026. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

            /s/ John J. Danna, Jr.

            JOHN J. DANNA, JR.