UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NIKITA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LEONARD, JR; CITY OF MORGAN CITY; CHAD ADAMS; DOE DEFENDANTS 1-10.<br><br>Defendants. | ) | Case No. 6:24-CV-01192-RRS-CBW |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Nikita Smith who files the following *Memorandum in Support of Motions in Limine* to exclude certain evidence from trial.

In the Motion, Plaintiff asks the Court to bar the introduction of the following evidence at trial:

- Evidence and testimony regarding Plaintiff's prior criminal record;
- Evidence and testimony regarding Plaintiff's prior drug use; and
- Evidence and testimony regarding Circle K employee reports that individuals threw items at the building, attempted to break in, and were otherwise unruly

For the reasons stated herein, Plaintiff requests this Court to grant his motion in full.

A. Legal Standard

In general, the term "*in limine*" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."[1] A ruling

[1] *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

on evidence *in limine* "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[2] "[It] also may save the parties time, effort and cost in preparing and presenting their cases."[3] "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the District Court's inherent authority to manage the course of trials."[4]

B. <u>This Court should bar any evidence or testimony regarding Plaintiff Nikita Smith's prior criminal record</u>

Approximately 15 years before the incident at issue in this litigation, Plaintiff was charged and convicted of various offenses, including a second offence marijuana paraphernalia felony conviction.[5] Plaintiff has never been convicted of any crime involving dishonesty, such as perjury.[6]

The Federal Rules of Evidence limit the use of criminal convictions that are more than ten years old, unless "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."[7]

Here, there is no allegation that Plaintiff committed any drug-related offense or any felony at all during any time relevant to this litigation. Although the potential prejudicial effect is lowered in a bench trial, such evidence has zero probative value and therefore should not be admitted.

---

[2] *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521 at *1 (M.D. Ala. February 20, 2001) (citations omitted).
[3] *Id.*
[4] *Luce*, 469 U.S. at 41 n. 4.
[5] Exhibit A (Deposition of Nikita Smith) at 62:13-64:2.
[6] *Id.* at 63:9-14.
[7] Fed. R. Evid. 609(b).

Further, Defendants have not provided any written notice of their intent to use evidence of Plaintiff's prior convictions and thus are barred under the Federal Rules of Evidence. Any evidence of Plaintiff's prior criminal record should be barred at trial.

C. This Court should bar any evidence or testimony regarding Plaintiff Nikita Smith's prior drug use

Similarly, this Court should bar any evidence of Plaintiff's prior drug use as it carries no probative value. Plaintiff testified at deposition that he "used to smoke Marijuana" when he was in school, but had not used any drugs in the years since.[8] This is further supported by Plaintiff's clean record in random drug tests at work where he operates heavy machinery.[9] There is also no allegation that Plaintiff had used drugs on the night in question and Plaintiff explicitly testified that he did not.[10] Plaintiff's drug use lacks any relevance to any claim or defense.

Any evidence of Plaintiff's prior drug use should be barred at trial.

D. This Court should bar any evidence or testimony from Circle K employees, beyond what is included in dispatch records.

At deposition, the City of Morgan City took the stance that the crowd was unruly *because of* a report from Circle K employees "regarding a hostile crowd being on the windows and supposedly throwing items at the building to gain access."[11] This understanding was based off of a subsequent conversation with a clerk,[12] who could not be contacted by Plaintiff's counsel and was not deposed in this case.

However, testimony that individuals were throwing items at the building is contradicted by the surveillance footage which shows no such interaction and the investigation which did not

[8] Ex. A at 61:14-25.
[9] *Id.* at 61:3-8.
[10] *Id.* at 19:24-20:6.
[11] Exhibit B (Rule 30(B)(6) Deposition of the City of Morgan City) at 84:13-21.
[12] *Id.* at 85:3-19.

reveal any evidence that items were thrown.[13] No individual deposed in this case witnessed any items being thrown at the building.[14] There is also no evidence that Plaintiff was personally involved or aware of any items being thrown at the building or individuals attempting to break in.[15]

In short, there is no evidence beyond the Circle K employees' testimony that any items were thrown or anyone tried to break into the store, and especially no evidence that Plaintiff would have been involved had any such evidence materialized. This evidence is hearsay and lacks any probative value, despite prejudice to the Plaintiff. Therefore, it should be excluded from trial.

E. Conclusion

For the reasons stated herein, any evidence and testimony Plaintiff's prior criminal record, Plaintiff's prior drug use; and Circle K employee reports that individuals threw items at the building, attempted to break in, and were otherwise unruly should be barred from trial.

Respectfully submitted,

/s/ *David Lanser*
William Most, 36914
David Lanser, 37764
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
Telephone: (504) 533-4521
Fax: (504) 414-6400
williammost@gmail.com
david.lanser@gmail.com

*Counsel for Plaintiff, Nikita Smith*

[13] *Id.* at 84:22-85:3; 87:18-88:6.
[14] Exhibit C (Deposition of Dustin Fromenthal) at 26:14-17; Exhibit D (Deposition of Blake Giroir) at 31:21-23; Exhibit E (Deposition of David Leonard, Jr.) at 128:13-21; Exhibit F (Deposition of Jose Salvador) at 25:2-7; Exhibit G (Deposition of Zeke Sampey) at 26:15-20; Exhibit H (Deposition of Chad Wilson) at 27:7-16.
[15] Ex. B at 89:18-25.